UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL ARNETTE WALTERS                                                     PLAINTIFF
ADC #136303

V.                            No. 4:21-CV-00046-KGB-JTR

PULASKI COUNTY REGIONAL
DETENTION CENTER, *et al.*                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff, Michael Arnette Walters ("Walters"), a convicted prisoner being held in the Pulaski County Regional Detention Center ("PCRDC") on a parole violation, while also awaiting trial on pending criminal charges, filed a *pro se* § 1983

1

action alleging that Defendants violated his constitutional rights. Before Walters may proceed with this case, the Court must screen his Complaint.¹

## II. Discussion

Walters's Complaint alleges that: (1) he is allergic to tomatoes, carrots, and eggs; (2) despite informing the PCRDC medical staff and kitchen staff of these allergies, they continued to be served these foods; (3) he has suffered repeated allergic reactions including: swelling, numbness, a sore throat, trouble swallowing and breathing, a rash and itchy skin; and (4) the PCRDC medical staff employees do not timely or appropriately respond to his calls for medical assistance. *Doc. 2*. As Defendants, Walters named: (1) PCRDC; (2) PCRDC "'Airmark Staffing'/kitchen" employees; (3) PCRDC "infirmary/nurse/doctor 'Turn Key' employees"; (4) "Pulaski County Jail staff"; and (5) PCRDC "security/deputies." *Id. at 1-2*.

After initially screening Walters's Complaint, the Court entered an Order on April 5, 2020, allowing Walters thirty (30) days to file an Amended Complaint to correct the deficiencies in his original pleading. *Doc. 4*. Importantly, Walters was

---

¹The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

warned that if he did not timely file an Amended Complaint, the Court would proceed to screen his original Complaint, and the Court would likely conclude that it should be dismissed, without prejudice, for failing to state a claim for relief. *Id.*

Walters did not file an Amended Complaint and the time to do so has passed. Thus, the Court will proceed to screen his original Complaint. To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Walters named the PCRDC as a Defendant. However, a county detention facility, like PCRDC, is not a legal entity that can sued in a § 1983 action. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 F. App'x 695, 695 (8th Cir. 2008). Moreover, Walters did not name any specific individuals as Defendants, but simply listed groups of people that worked at the PCRDC, such as kitchen staff, medical staff, jail staff, and deputies, without identifying who the specific individuals were that allegedly

violated his constitutional rights, or how they were personally involved in doing so. Thus, Walters's Complaint should be dismissed, without prejudice, for failure to state a claim. *See Iqbal*, 556 U.S. at 676 (a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing).

### III.  Conclusion

IT IS THEREFORE RECOMMENED THAT:

1. Walters's Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 14th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE